# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CALIFORNIA WINERY WORKERS' PENSION TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>GIUMARRA VINEYARDS and GIUMARRA INVESTMENTS, LLC,<br><br>Defendants. | Case No. 1:17-cv-00364-SAB<br><br>PRETRIAL ORDER<br><br>Motion In Limine Deadlines:<br>Filing: August 15, 2018<br>Response: August 29, 2018<br>Hearing: September 5, 2018, at 10:00 a.m. in Courtroom 9 (SAB)<br><br>Trial Date:<br>September 12, 2018, at 8:30 a.m. in Courtroom 9 (SAB) (2-3 days) |

Following the denial of the defendants' motion for summary judgment and a stipulation to dismiss certain defendants, this action is proceeding against Defendants Giumarra Vineyards and Giumarra Investments, LLC (collectively "Defendants") on the first amended complaint, filed May 9, 2017. This Court conducted a pretrial conference on July 18, 2018. Plaintiff Board of Trustees of the California Winery Workers' Pension Trust Fund appeared by counsel Michael Korda. Defendants appeared by counsel F. Scott Page and Mark Casciari. Pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule 283, the Court issues this final pretrial order.

## I. JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper. The Court has original jurisdiction under 29 U.S.C. § 1451 and 28 U.S.C. § 1331. Venue is proper pursuant to 29 U.S.C. § 1451(d) and 28

1

U.S.C. § 1391 as the Defendants reside and do business in this District.

**II.  TRIAL**

Trial will begin on **Wednesday**, **September 12, 2018,** at **8:30 a.m.,** before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB).  The trial will be trial by the Court.[1]  The parties estimate the trial will take 2-3 days.  The trial will be dark on Friday, September 14, 2018, and Monday, September 17, 2018.

**III.  FACTS AND EVIDENTIARY ISSUES**

**A.  Undisputed Facts**

The following facts are undisputed:

1.  Pursuant to a collective bargaining agreement, Giumarra Vineyards participated in the California Winery Workers' Pension Plan ("the Fund") for the benefit of its employees.

2.  Effective June 1, 2008, Giumarra Vineyards withdrew from the Fund by ceasing to make contributions to the Fund and there was a mass withdrawal of all employees at the end of 2008.

3.  In September 2008, a letter was sent to Mr. Giumarra setting forth Giumarra Vineyards' prorate share of the Fund and establishing an annual payment of $19,721 which was to be paid in quarterly payments of $4,930.25.

4.  On March 10, 2009, the Fund sent a letter to Mr. Giumarra setting forth a payment schedule with quarterly payments due on March 9, June 9, September 9, and December 9 of each year.

5.  Giumarra Vineyards missed the first quarterly payment of 2011.

6.  On June 6, 2011, the Funds' attorney contacted Giumarra Vineyards' counsel to inform her that Giumarra Vineyards was in default due to nonpayment of the quarterly payment due on March 9, 2011.

---

[1] Defendants demanded a jury trial in their answer.  (ECF No. 17.)  On December 7, 2017, District Judge Anthony W. Ishii struck the demand for a jury trial and this action shall be tried by the Court.  (ECF No. 27.)

7. On June 7, 2011, the Fund's attorney emailed a copy of a letter dated March 14, 2011 to Giumarra Vineyards' attorney which notified Giumarra Vineyards that it was in default due to the missed quarterly payment.

8. The March 14, 2011 letter demanded that Giumarra Vineyards pay $33,854,527.00 plus interest at 3.25 %.

9. On June 8, 2011, the Fund received Giumarra Vineyards' missed quarterly payment which also included the interest due.

10. Giumarra Vineyards has continued to make quarterly payments from June 2011 through December 2017 on time.

11. The Fund has accepted these payments.

**B.    Disputed Facts**

The following facts are disputed:

Plaintiff's Disputed Facts:

1. Whether the Fund mailed the delinquency letter dated March 14, 2011.

2. Whether Defendant Giumarra Vineyards received the letter.

Defendants' Disputed Facts:

1. Whether the Fund mailed the delinquency letter dated March 14, 2011.

2. When did John Giumarra receive this letter.

**C.    Disputed Evidentiary Issues**

There are no disputed evidentiary issues anticipated at this time.

**IV.    RELIEF SOUGHT**

Plaintiff is seeking $33,854,527.00 in damages plus interest from the date of the default, and attorneys' fees.

Defendants seek a judgment in its favor, and an award of attorneys' fees and costs.

Each party intends to move for attorney fees if it prevails at trial.

**V.    POINTS OF LAW**

Plaintiff's Points of Law

The legal questions in this matter are fairly straightforward. Under Section 4219(c)(5) of

1 the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1399(c)(5), if an employer defaults on its withdrawal liability payment, receives notice of the default and then does not cure the default in sixty (60) days, then the employer is liable for the total amount of its assessed withdrawal liability plus interest. In this case, Giumarra Vineyards' assessed withdrawal liability amount was calculated at $33,854,527.00. The dispute in this case is whether Giumarra Vineyards received notice of its delinquency. The Fund contends it mailed the notice, Giumarra Vineyards contends it did not receive it. That brings into play the common law "mailbox rule", which has been ruled applicable in these cases. Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 962 (9th Cir. 2001). The legal analysis regarding the mailbox rule, the presumption of receipt it may or may not create, and how that presumption is rebutted and ultimately decided, is contained in case law, which was cited by both sides in the motion for summary judgment that was ultimately denied.

Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that the addressee received the document. Hagner v. United States, 285 U.S. 427, 430 (1932) and Lewis v. United States, 144 F.3d 1220, 1222 (9th Cir. 1998). As stated in Schikore, the rule is a tool to be used when direct evidence of either receipt or non-receipt is not available. Schikore, 269 F.3d at 962. It is for the factfinder to determine whether the evidence is sufficient to invoke the presumption of receipt, and if so, whether the intended recipient has presented sufficient evidence of non-receipt to rebut the presumption. Id. at 963.

Defendants' Points of Law

1. The Fund has the burden of proving a default that entitles the Fund to the relief requested by a preponderance of the evidence admitted at trial, and cannot rely on the Court's Summary Judgment decision to satisfy its burden. Cent. States, Se. & Sw. Areas Pension Fund v. Rogers, 843 F.Supp. 1135, 1147 (E.D. Mich. 1992), aff'd, 14 F.3d 600 (6th Cir. 1993); Carpenters Pension Tr. Fund for N. California v. M.A. Lindquist Co., 2011 WL 499947, at *3 (N.D. Cal. Feb. 8, 2011); Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

2. The Fund cannot rely on the Mailbox Rule, as a matter of Law. 29 U.S.C. §

1399(c)(5)(A); cf. Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1251 (9th Cir. 2006); Matter of Ramsey, 612 F.2d 1220, 1223 (9th Cir. 1980); Silvernail v. Ameritech Pension Plan, 439 F.3d 355, 358 (7th Cir. 2006) see also O'Toole v. U.S. Sec'y of Agric., 31 C.I.T. 79, 87 n.13 (2007).

3. Any Mailbox Rule presumption in this case will be "a very weak presumption." Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314, 319 (3d Cir. 2014).

4. Would allowing the requested relief be so severe and oppressive so as to be wholly disproportioned to the offense and obviously unreasonable, and thus an unconstitutional violation of Defendants' due process rights. See Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 276 (1989); St. Louis, I. M. & S. Ry. Co. v. Williams, 251 U.S. 63, 67 (1919); Sw. Tel. & Tel. Co. v. Danaher, 238 U.S. 482, 490 (1915), cited with approval in TXO Prod. Corp. v. All. Res. Corp., 509 U.S. 443, 454 (1993); W. Coast Prods., Inc. v. Garrett, 2014 WL 752670, at *1 (E.D. Mo. 2014); Golan v. Veritas Entertainment, 2017 WL 3923162, at *4 (E.D. Mo. Sept. 7, 2017).

5. Should any relief be allowed, that relief should be the satisfaction of any Giumarra Vineyards obligation to the Fund by virtue of Giumarra Vineyards' paying a lump sum computed in the same manner used by the Fund to allow other participating employers to buy out their withdrawal liabilities. See Murray v. GMAC Mortg. Corp., 434 F.3d 948, 954 (7th Cir. 2006); Centerline Equip. Corp. v. Banner Pers. Serv., Inc., 545 F.Supp.2d 768, 778 (N.D. Ill. 2008); Golan, 2017 WL 3923162, at *4.

6. If the Fund secures a judgment in the amount of the total mass withdrawal liability, or some portion thereof, whether and how any interest should be calculated. If any interest is permitted, such should be calculated as simple interest -- not compound -- as stated in Ex. 19. See 29 CFR 4219.32.

**VI. AMENDMENTS/DISMISSALS**

There are no amendments to the pleadings -- the First Amended Complaint and First Amended Answer ("FAC") -- other than as reflected in the Stipulation of Dismissal of fourteen of the sixteen defendants named in the FAC. The only remaining defendants are Giumarra Vineyards Corporation and Giumarra Investments, LLC.

## VII. STIPULATIONS

The parties stipulated during the course of discovery that the Fund has no business record, such as a certificate or a log or something contemporaneous with the alleged mailing that shows that the alleged mailing of the March 14, 2011 letter to John Giumarra actually occurred.

Defendants do not contest that the "total mass withdrawal liability assessed to Giumarra Vineyards," calculated as of January 28, 2010 (reflected in Exhibit 14), is $33,854,527.

Defendants do not contest that a copy of the March 14, 2011 letter (Exhibit 14) was received by the office of Raphael Shannon on or about March 16, 2011.

## VIII. FURTHER DISCOVERY OR MOTIONS

The parties do not request further discovery and will not file discovery motions prior to trial. The parties may file motions in limine along with their trial briefs.

## IX. SETTLEMENT NEGOTIATIONS

Defendants believe a settlement conference under Local Rule 270 is not warranted. Plaintiff will engage in settlement discussions if Defendants change their minds.

## X. AGREED STATEMENT

The parties assert that no agreed statement is feasible or advisable.

## XI. SEPARATE TRIAL OF ISSUES

There is no need for separate trial of issues.

## XII. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XIII. PRE TRIAL FILING DEADLINES

### A. Motions In Limine and Hearing

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). The Court orders the parties to meet and confer to attempt to come to an agreement on any issue before it is presented to the Court in a motion in limine. If this Court surmises that the parties have filed motions in limine without meaningful, genuine attempts to meet and confer, this Court will strike the motions in limine and remove

them from calendar.

This Court further orders the parties to file motions <u>in limine</u> only with respect to important, critical matters. Most evidentiary issues can be resolved easily with a conference between counsel or with the Court. Motions <u>in limine</u> on abstract evidentiary issues or issues more appropriately addressed by the Court on a case-by-case basis (such as a motion <u>in limine</u> to exclude all irrelevant evidence) will be looked upon with disfavor.

The parties shall not file separate motions <u>in limine</u> for every issue presented to the Court. Rather, each party may file one consolidated motion <u>in limine</u> which is subdivided into separate sections for each issue setting forth the legal authority and analysis. The responding party shall file one opposition in response addressing each motion <u>in limine</u> issue in a separate section. Counsel are advised that moving and opposition papers must be brief, succinct and well-organized.

The parties, after meeting and conferring, shall file and serve their truly disputed motions <u>in limine</u> no later than **August 15, 2018.** Oppositions in response to such motions <u>in limine</u> shall be filed and served no later than **August 29, 2018**. This Court will neither accept nor consider reply papers. This Court will conduct a hearing on the motions <u>in limine</u> on **September 5, 2018, at 10:00 a.m.,** in Courtroom 9 (SAB) of this Court, unless this Court determines that a hearing is not necessary.

**B.    Trial Witnesses:**

No later than **September 5, 2018**, each party shall file and serve a final witness list, including the name of each witness along with the business address or city of residence for each witness, to the extent known, and omitting witnesses listed in the joint pretrial statement which the parties no longer intend to call. Only witnesses who are listed in this pretrial order may appear on the final witness list. **The parties may not call any witness that is not on the final witness list unless (1) it is <u>solely</u> for impeachment or rebuttal purposes, (2) the parties stipulate, (3) additional witnesses are required in light of the Court's ruling on a motion <u>in</u>**

**limine[2], or (4) it is necessary to prevent "manifest injustice."** Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

During trial, the parties' counsel are obligated to provide opposing counsel, by the close of the trial day, the names of the witnesses the party intends to call on the next trial day. If evidentiary problems are anticipated, the parties' counsel shall immediately notify the Court that a hearing will be required.

The following is a list of witnesses that the parties expect to call at trial:

1. John Giumarra, Jr., 11220 Edison Hwy, Bakersfield CA 93307
2. Kenneth A. Bowles, same
3. Jeffrey Giumarra, same
4. Wayne Childress, same
5. Deborah H. Petito, Clark & Trevithick, 800 Wilshire Blvd., 12th Floor, Los Angeles, CA 90017-2617
6. Ian Altman (expert witness), 100 Pine St., Suite 1050, San Francisco, CA
7. Sandra Kay Moore, 955 N. Street, Fresno CA 93721-2216
8. Richard Moore, same
9. Alicia Quintanilla, same
10. Joshua Davis, 101 SW Main St. Suite 1602, Portland OR
11. Wendy Londa, 2800 Campus Dr., San Mateo, CA 94403

The parties are forewarned that <u>every</u> witness they intend to call must appear on their own witness list. The mere fact that a witness appears on the opposing party's witness list is not a guarantee that the witness will be called at trial or otherwise be available for questioning by other parties. Each party must undertake independent efforts to secure the attendance of <u>every</u> witness they intend to call at trial.

**C. Exhibits**

As noted below, no later than **September 5, 2018**, the parties shall file and serve their

---

[2] Any party seeking to add additional witnesses beyond those named in the final witness list in light of the Court's ruling on a motion <u>in limine</u> must file a notice with the Court within two (2) days after the Court's order on the motion <u>in limine.</u>

final exhibit list and pre-marked exhibits.

1. <u>Pre-Marked Exhibits</u>:

All exhibits must be pre-marked with an exhibit sticker or other legible numbering/lettering. If the individual exhibit includes multiple pages and is not easily identified as to each page (i.e., Bates stamp numbering), then the exhibit must be page numbered. This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence. Impeachment or rebuttal evidence need not be pre-marked. However, evidence of bias, extrinsically introduced, must be pre-marked.

    **a.** **Joint Exhibits**: Joint exhibits are those exhibits which all parties agree may be admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence. Joint exhibits must be pre-marked with the designation "J" (e.g., J-1, J-2, etc.). Those exhibits may be introduced at any time during the course of the trial. However, unless the parties agree otherwise on the record, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence. If an exhibit is not admitted by any party, the exhibit will not be admitted into evidence despite its "joint" designation as an exhibit.

    **b.** **Plaintiff's Exhibits**: Plaintiff's exhibits must be pre-marked using **numbers** beginning with 100 (e.g., 100, 101, 102, etc.).

    **c.** **Defendant's Exhibits**: Defendant's exhibits must be pre-marked using **numbers** beginning with 200 (e.g., 200, 201, 202, etc.).

2. <u>Exchange and Filing of Exhibits List and Exhibits</u>

No later than **August 13, 2018**, the parties shall exchange their proposed exhibits to the extent they have not done so. The parties' counsel shall meet and conduct an exhibit conference no later than **August 20, 2018,** to pre-mark and examine trial exhibits and to prepare exhibit lists. No later than **September 5, 2018,** the parties shall file and serve their final exhibit list and pre-marked exhibits.

The parties are required to submit **three (3) complete, legible and identical sets of exhibits in binders** on or before **September 5, 2018**. Within the binders, the pre-marked exhibits must be separately tabbed and assembled in sequential order. The binders shall be delivered as follows:

- **a.** **Two (2) binder sets** shall be delivered to Courtroom Clerk Mamie Hernandez (one for use by the Court and one for use at the witness stand); and
- **b.** **One (1) binder set** shall be provided for opposing counsel's use.

Additionally, at the conclusion of each day of trial, the parties shall be required to provide the Court with a copy of the exhibits that were admitted into evidence that day.

3. <u>Exhibits</u>

The following is a list of documents or other exhibits that the parties expect to offer at trial. As set forth above, exhibits must be pre-marked. <u>See</u> discussion, <u>supra</u>, Part XIII.C.1. No exhibit, other than those listed in this section, may be admitted unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**a. Joint Exhibits**

1. Section 4219.33 - Plan rules concerning over-due and defaulted withdrawal liability
2. 12-11-2017 Email from D. Petito to S. Moore
3. 01-09-2008 Letter from R. Shannon to D. Petito
4. 05-30-2008 Letter from D. Petito to S. Moore
5. 05-30-2008 Email from M. Saldivar-Espinoza to S. Moore
6. 09-19-2008 Email from W. Londa to E. Masson Re CWWPTF
7. 09-22-2008 Letter from R. Shannon to J. Giumarra
8. 01-23-2009 Email from E. Masson to Barry at Grape King
9. 02-03-2009 Letter from R. Shannon to D. Petito
10. 02-03-2009 Letter from R. Shannon to D. Petito
11. 02-13-2009 Minutes of Meeting from Board of Trustees

| | | |
|---|---|---|
| 1 | 12. | 03-02-2009 Email from E. Masson to S. Moore |
| 2 | 13. | 03-10-2009 Letter from S. Moore to J. Giumarra |
| 3 | 14. | 01-28-2010 Letter from R. Shannon to J. Giumarra |
| 4 | 15. | 01-28-2010 Withdrawal Liability |
| 5 | 16. | List of Employees |
| 6 | 17. | 03-30-2010 Letter from D. Petito to Board of Trustees Re Reallocation Liability |
| 7 | 18. | 03-14-2011 Letter from S. Moore to J. Giumarra |
| 8 | 19. | 06-07-2011 Letter from R. Shannon to D. Petito |
| 9 | 20. | 06-10-2011 Letter from D. Petito to Board of Trustees |
| 10–11 | 21. | 06-17-2011 Letter from K. Bowles to California Winery Workers Pension Plan Trust |
| 12 | 22. | 06-17-2011 Letter from R. Shannon to D. Petito |
| 13 | 23. | 09-20-2011 Letter from R. Shannon to D. Petito |
| 14–15 | 24. | 09-25-2013 Minutes of Meeting from California Winery Workers' Pension Plan Trust |
| 16 | 25. | 02-03-2014 Letter from D. Petito to R. Shannon |
| 17 | 26. | 03-05-2009 Letter from S. Moore to The Wine Group |
| 18 | 27. | 03-05-2009 Letter from S. Moore to Mondavi & Sons |
| 19 | 28. | 03-05-2009 Letter from S. Moore to E & J Gallo |
| 20 | 29. | 02-05-2010 Letter from S. Moore to Diaego Chateau & Estates Wines |
| 21 | 30. | 04-20-2010 Letter from S. Moore to The Wine Group |
| 22 | 31. | 10-28-2011 Letter from S. Moore to Diaego Chateau & Estates Wines |
| 23 | 32. | 11-23-2011 Letter from S. Moore to Constellation Wines |
| 24 | 33. | 07-16-2012 Letter from S. Moore to Foley Family Wines |
| 25 | 34. | 11-05-2012 Letter from S. Moore to Diaego Chateau & Estates Wines |
| 26 | 35. | 01-30-2013 Letter from S. Moore to Diaego Chateau & Estates Wines |
| 27 | 36. | 10-09-2013 Letter from S. Moore to Bronco Wine Group |
| 28 | 37. | 10-29-2013 Letter from S. Moore to Diaego Chateau & Estates Wines |

| | | |
|---|---|---|
| 1 | 38. | 02-23-2016 Letter from S. Moore to E & J Gallo |
| 2 | 39. | S. Moore Excel spreadsheet on delinquent payments |
| 3 | 40. | Actuarial Valuation as of 12-31-2010 |
| 4 | 41. | Actuarial Valuation as of 12-31-2011 |
| 5-6 | 42. | Actuarial Valuation Report for the California Winery Workers' Pension Plan as of 12-31-2012 |
| 7-8 | 43. | Actuarial Valuation Report for the California Winery Workers' Pension Plan as of 12-31-2013 |
| 9-10 | 44. | Actuarial Valuation Report for the California Winery Workers' Pension Plan as of 12-31-2014 |
| 11-12 | 45. | Actuarial Valuation Report for the California Winery Workers' Pension Plan as of 12-31-2015 |
| 13-14 | 46. | Actuarial Valuation Report for the California Winery Workers' Pension Plan as of 12-31-2016 |
| 15 | 47. | 03/14/2011 letter with McCarthy date stamp |
| 16 | 48. | Declaration of Ken Bowles |
| 17 | 49. | Instructions to 2010 Form Schedule MB (signed by Wendy Loma) |
| 18 | 50. | Actuarial Standard of Practice No. 44 |
| 19 | 51. | 29 C.F.R. § 4281.18 |
| 20 | 52. | 12-10-2007 Email from D. Petito to S. Moore |
| 21 | 53. | 12-13-2007 Email from W. Londa to D. Petito |
| 22 | 54. | 06-07-2011 Email from A. PerezHallman to D. Petito |
| 23 | 55. | 01-06-2008 Email from D. Petito to W. Londa |
| 24 | 56. | Summary Chart of Late Payments by Other Employers |
| 25 | 57. | 01-28-2011 Letter from S. Moore to Diaego Chateau & Estates Wines |
| 26 | 58. | 08-05-2009 Letter from S. Moore to Vie Del Company |
| 27 | 59. | 02-14-2011 Letter from S. Moore to Delano Growers Grape Products |
| 28 | 60. | 02-26-2013 Letter from S. Moore to Gallo G-3 Enterprises |

If the parties intend to use copies of exhibits or evidence at trial, those copies must be legible. The Court may sua sponte exclude illegible copies from evidence.

### 4. Responses to Discovery Requests

The parties may admit responses to discovery requests[3] into evidence. The parties shall file and serve a list of all responses to discovery requests intended to be used at trial no later than **September 5, 2018.** The list shall identify the responses to discovery requests by title and set number.

If a party seeks to admit a physical copy of the discovery responses into evidence at trial, the discovery responses must be pre-marked as an exhibit in the same manner discussed above. See discussion, supra, Part XIII.C.1. Alternatively, if the party intends to read relevant portions of the discovery responses into evidence, a copy of the discovery responses must be lodged with the Court no later than **September 5, 2018.** The Court will address objections to discovery responses as they arise during trial.

Even though discovery is closed, all parties are reminded of their continuing obligation to update their prior discovery responses if they obtain new information or is otherwise made aware that a prior discovery response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**If a party attempts to admit or use for any purpose evidence that (1) was not previously disclosed during discovery and (2) should have been disclosed as an initial disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the Court will prohibit that party from admitting or using for any purpose that evidence at trial, unless the failure was substantially justified or was harmless. See Fed. R. Civ. P. 37(c)(1).**

### 5. Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than August 29, 2018.** Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than September 5, 2018.** The original certified transcript of any deposition identified in a designated

---

[3] Responses to discovery requests include responses to depositions by written questions (Fed. R. Civ. P. 31), interrogatories (Fed. R. Civ. P. 33) and requests for admissions (Fed. R. Civ. P. 36).

13

or counter-designation shall be lodged with the clerk's office **no later than September 5, 2018,** if not previously lodged with the Court.

If any party intends to admit relevant portions of deposition testimony into evidence, the relevant deposition testimony must be pre-marked as an exhibit in the same manner discussed above. See discussion, supra, Part XIII.C.1. However, any party may request that deposition testimony offered for any purpose other than impeachment be presented in nontranscript form, if available. See Fed. R. Civ. P. 32(c).

The Court will address objections to deposition testimony as they arise during trial.

### 6. Post Trial Exhibit Retention

Pursuant to Local Rule 138(f), the Court will order that custody of all exhibits used, referenced and/or admitted at trial be returned to the party who initially marked the exhibit, irrespective or who used, reference or admitted the exhibit at trial. The exhibits shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. Joint Exhibits will be returned to Plaintiff unless otherwise agreed to by the parties in writing or on the record. If a party wishes another method for exhibit retention, then such alternative method must be raised prior to the return of the exhibits.

**D. Trial Briefs**

Trial briefs shall be filed and served no later than **September 5, 2018.**[4] The form and content of the trial brief must comply with Local Rule 285. Special attention shall be given in the trial brief to address reasonably anticipated disputes concerning the substantive law, jury instructions and/or admissibility of evidence. Local Rule 285(a)(3). The parties need not include in the trial brief any issue that is adequately addressed in a motion in limine or in an opposition brief to a motion in limine.

**XIV. COMPLIANCE WITH THIS ORDER**

Strict compliance with this order and its requirements is mandatory. This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to jury

---

[4] The deadline set for trial briefs set in this order shall supersede the deadline set in Local Rule 285(a).

14

instructions and verdict forms. Failure to comply with all provisions of this order may be grounds for the imposition of sanctions, including possible dismissal of this action or entry of default, on any counsel as well as on any party who causes non-compliance with this order. This order shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Moreover, this order supersedes the parties' pretrial statement and controls the conduct of further proceedings irrespective of any purported rights the parties claim to reserve in their pretrial statement.

**XV.   OBJECTIONS TO PRETRIAL ORDER**

Any party may file and serve written objections to any of the provisions of this order on or before **July 27, 2018**. Such objections shall specify the requested modifications, corrections, additions or deletions.

**XVI.   USE OF ELECTRONIC EQUIPMENT IN COURTROOM**

Any party wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Clerk Mamie Hernandez at (559) 499-5672 or mhernandez@caed.uscourts.gov at least two (2) weeks before the start of trial in order to schedule a tutorial session at a time convenient to the Court's Information Technology staff. The parties need to coordinate so everyone who is interested can attend the IT conference, the Court will hold only one conference per case. The parties shall confer and advise the Courtroom Deputy Clerk Mamie Hernandez of the date and time that has been agreed upon. The parties will not be provided any training on the day of or during the course of the trial.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

/ / /

## XVII.  OTHER INFORMATION

Additional information describing this Court's expectations regarding attorney conduct and decorum during all proceedings before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB).  In the area entitled "Case Management Procedures," there are links to "Standard Information" and "Trial Conduct and Decorum."  All parties and counsel shall comply with the guidelines set forth therein.  However, in the event that there is a conflict between this order and the information on the Court's website, this order shall supersede the information on the Court's website.

IT IS SO ORDERED.

Dated:  **July 19, 2018**

UNITED STATES MAGISTRATE JUDGE