# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CALIFORNIA WINERY WORKERS' PENSION TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>GIUMARRA VINEYARDS, et al,<br><br>Defendants. | Case No. 1:17-cv-00364-SAB<br><br>ORDER FINDING PLAINTIFF WAIVED ISSUE OF ARBITRABILITY OF NONRECEIPT OF LETTER<br><br>(ECF Nos. 59, 60) |

## I.

## RELEVANT BACKGROUND

Pursuant to a collective bargaining agreement, Defendant Giumarra Vineyards participated in the California Winery Workers' Pension Plan ("the Fund") for the benefit of its employees. Effective June 1, 2008, Giumarra Vineyards withdrew from the Fund by ceasing to make contributions to the Fund and there was a mass withdrawal of all employees at the end of 2008. On September 2008, a letter was sent to Mr. Giumarra setting forth Giumarra Vineyard's prorate share of the Fund and establishing an annual payment of $19,721 which was to be paid in quarterly payments of $4,930.25. On March 10, 2009, the Fund sent a letter to Mr. Giumarra setting forth a payment schedule with quarterly payments due on March 9, June 9, September 9, and December 9 of each year.

| | |
|---|---|
| 1 | Giumarra Vineyards missed the first quarterly payment of 2011. On June 6, 2011, the Funds' attorney contacted Giumarra Vineyards' counsel to inform her that Giumarra Vineyards was in default due to nonpayment of the quarterly payment due on March 9, 2011. The Fund mailed a letter dated March 14, 2011 to Giumarra Vineyards informing them they were in default due to the missed quarterly payment and demanding payment of $33,854.527.00 plus interest at 3.25 percent. Giumarra Vineyards contends that the delinquency letter was never received. On June 7, 2011, the Fund's attorney emailed a copy of a letter dated March 14, 2011 to Giumarra Vineyards' attorney. On June 8, 2011, the Fund received Giumarra Vineyards' missed quarterly payment which also included the interest due. Giumarra Vineyards has continued to make quarterly payments from June 2011 through December 2017 on time and the Fund has accepted these payments.[1] |

On March 10, 2017, the Board of Trustees of the California Winery Workers' Pension Trust Fund ("Plaintiff") filed this action against Giumarra Vineyards. (ECF No. 1.) On May 9, 2017, Plaintiff filed a first amended complaint naming additional parties. (ECF No. 6.)

On February 7, 2018, Defendants filed a motion for summary judgment. (ECF No. 30.) Plaintiff filed an opposition to the motion for summary judgment on February 21, 2018. (ECF Nos. 31-33.) Defendants filed a reply on February 28, 2018. (ECF Nos. 34-36.) On March 2, 2018, an order issued denying Defendants' motion for summary judgment. (ECF No. 37.)

On July 6, 2018, all the named defendants were dismissed at the stipulation of the parties with the exception of Giumarra Vineyards and Giumarra Investments, LLC ("Defendants"). (ECF Nos. 38, 39.)

On July 20, 2018, the pretrial order issued in this action, as amended on July 30, 2018, and September 6, 2018, at the request of Defendants. (ECF Nos. 42, 44.) Plaintiff filed motions in limine on August 15, 2018. (ECF No. 45.) Defendant filed a trial brief on September 5, 2018. (ECF No. 56.) On September 5, 2018, Plaintiff filed a trial brief and Defendant filed a response to Plaintiff's trial brief. (ECF No. 59, 60.) An order granting Plaintiff's motions in limine was

---

[1] The background is taken from the order denying Defendants' motion for summary judgment. (ECF No. 37.)

filed on September 6, 2018. (ECF No. 61.) The matter is currently set for a bench trial to begin on September 12, 2018.

## II.

## DISCUSSION

In the trial brief, Plaintiff contends that the Court need not determine whether Defendant received the March 14, 2011 letter notifying of the default because the matter had to be resolved in arbitration. Plaintiff argues that, pursuant to 29 U.S.C. § 1401(a)(1), Defendants were required to initiate arbitration regarding whether the letter had been received by June 7, 2012. Plaintiff states that since no arbitration was initiated Defendant cannot raise the issue of nonreceipt of the letter as a defense in this action.

Defendant responds that despite having the opportunity to raise the failure to arbitrate in the pretrial statement, Plaintiff raises this issue for the first time in its trial brief and argues that Plaintiff has waived the issue by failing to raise it in the pretrial order.

In the August 15, 2017 scheduling order, "Counsels' attention [was] directed to **Rules 281 and 282 of the Local Rules** for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference." (ECF No. 21 at 6:8-9 (emphasis in original).) The parties were also advised that "[t]he Court will insist upon strict compliance with those rules." (Id. at 6:10.) Rule 281 provides that the parties are to set forth in their pretrial statement "[a] statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, ordinances, regulations, cases, and other authorities relied upon." L.R. 281(b)(8).

Further, Rule 16 of the Federal Rules of Civil Procedure states in relevant part, that at the pretrial conference, the court may consider and take appropriate action on "obtaining admissions and stipulations about facts and documents to avoid unnecessary proof, and ruling in advance on the admissibility of evidence;" "avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal Rule of Evidence 702;" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c). The

pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). The final pretrial order may only be modified to prevent manifest injustice. Fed. R. Civ. P. 16(e).

"Unless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified." United States v. First Nat. Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981). "A pretrial order . . . should be liberally construed to permit any issues at trial that are 'embraced within its language.' " DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd., 268 F.3d 829, 841 (9th Cir. 2001) (citations omitted). But, "particular evidence or theories which are not at least implicitly included in the order are barred unless the order is first 'modified to prevent manifest injustice.' " DP Aviation, 268 F.3d at 841 (quoting First Nat. Bank of Circle, 652 F.2d at 886 -87). The Ninth Circuit has repeatedly upheld exclusion of evidence or contentions that were not listed in or disclosed in accordance with the pretrial order. First Nat. Bank of Circle, 652 F.2d at 886 n.5.

Plaintiff's pretrial statement did not raise the issue that Defendants were precluded from raising the defense of nonreceipt of the letter because the issue had to be decided in arbitration; and therefore, this issue was not included in the pretrial order. The first time that Plaintiff raised the issue of failure to arbitrate the nonreceipt of the letter was in the trial brief filed on September 5, 2018, one week before the trial of this matter was set to commence. Plaintiff's argument in the trial brief that Defendant was required to arbitrate the issue of nonreceipt of the letter is untimely. "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 (2007) (quoting Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002)). Plaintiff waived the issue of arbitrability of the nonreceipt of the mailing by failing to raise it in the pretrial order.

A pretrial order can be modified to prevent manifest injustice. Fed. R. Civ. P. 16(e). Here, Plaintiff has been aware since prior to the filing of this action that Defendants asserted they

1  never received the March 2011 letter.² (Compl. ¶ 30, ECF No. 1.) Plaintiff did not raise the
2  issue of failure to arbitrate the matter of nonreceipt in the complaint filed on March 10, 2017, or
3  in the first amended complaint filed on May 9, 2017. (ECF Nos. 1, 6.) Defendants filed a
4  motion on February 2, 2018, seeking summary judgment in their favor on the ground that
5  Plaintiff had not established that the letter had been mailed and presented evidence of nonreceipt
6  of the letter by Mr. Giumarra. Plaintiff filed an opposition to the motion for summary judgment,
7  but did not raise the issue of failure to arbitrate the nonreceipt of the letter. Plaintiffs have been
8  aware of Defendants defense of nonreceipt of the letter since prior to the filing of this action and
9  have had multiple opportunities to raise the issue of failure to arbitrate but have not done so prior
10 to filing the trial brief.

Plaintiff cites a single district court case that found that whether the employer was in default would be within section 1401's arbitration requirement. However, for this court to make a determination of whether the issue of nonreceipt of the notice of default is required to be arbitrated would require the trial in this matter to be vacated in order to allow both parties to brief the issue. The trial in this matter is set to commence in less than a week on September 12, 2018. Plaintiff has had multiple opportunities to address this issue, but waited until the week prior to trial to raise the issue, an issue which has been absolutely essential to this case. Additionally, on the day that Plaintiff's trial brief was filed, September 5, 2018, Defendants filed a response to Plaintiff's trial brief. In the response, Defendants argued that since Plaintiff had not included this issue in the pretrial statement and it was not in the pretrial order, Plaintiff had waived the issue. Plaintiff is aware of Defendants' position and has not moved to amend the pretrial order. The Court finds that Plaintiff has not met its burden to demonstrate that amendment of the pretrial order is necessary to prevent manifest injustice. Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005).

/ / /

---

² Plaintiff's trial brief asserts that on June 10, 2011, Defendants' counsel sent a letter to the Fund's Board of Trustees stating Giumarra did not receive the letter from the plan sponsor regarding the missed payment. (ECF No. 59 at 6.) The Fund did not act on the letter and counsel contacted them on two other occasions with the last correspondence on the issue being September 20, 2011. (Id.)

## III.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has waived the issue that Defendants were required to arbitrate the issue of nonreceipt of the March 2011 letter.

IT IS SO ORDERED.

Dated: **September 7, 2018**

UNITED STATES MAGISTRATE JUDGE